UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR.,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>Defendants. | Case No.: 1:24-cv-001569-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Doc. 3)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Curtis Lee Henderson, Sr., is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.   INTRODUCTION

On December 18, 2024, Plaintiff filed a complaint in the Court's Sacramento division. (Doc. 1.) Plaintiff also filed an application to proceed *in forma pauperis* (IFP) and a motion for injunctive relief. (Docs. 2 & 3.)

On December 20, 2024, Magistrate Judge Chi Soo Kim issued an Order transferring the action to this division because the alleged violations took place in Fresno County. (Doc. 5.)

## II.   THREE STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

### III.   JUDICIAL NOTICE

The Court takes judicial notice[1] of several prior lawsuits filed by Plaintiff in this Court and the Northern District of California:

*Eastern District of California*

1. *Henderson v. Small*, No. 1:98-cv-05138-DLB (E.D. Cal.) (dismissed as frivolous on March 6, 1998), affirmed on appeal, No. 98-16004 (9th Cir. Jan. 12, 1999)
2. *Henderson v. Hamren,* No. 1:99-cv-05957-AWI-DLB (E.D. Cal.) (dismissed for failure to state a claim on December 22, 2000), affirmed on appeal, No. 01-15094 (9th Cir. Dec. 9, 2002)
3. *Henderson v. United States*, No. 2:08-cv-2383-WBS-CMK-P (E.D. Cal.) (recommending dismissal for failure to state a claim on November 13, 2008; adopted December 29, 2008)
4. *Henderson v. Smith*, No. 1:13-cv-00287-LJO-SAB-PC (E.D. Cal.) (revoking IFP status and dismissing action without prejudice on August 3, 2015)

*Northern District of California*

5. *Henderson v. Holz*, No. 4:07-cv-00909-SBA (N.D. Cal.) (dismissing complaint for failure to state a claim with prejudice on September 2, 2009)

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on December 18, 2024, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

### IV.   IMMINENT DANGER DISCUSSION

*Plaintiff's Allegations*

The Court has conducted a review of Plaintiff's pending complaint. Plaintiff generally alleges that since May 2023 various officials at the Fresno County Jail (FCJ) have been "assaultive physically, sexually, and verbally, unethical [hostile], unprofessional and mentally degrading" to him. He alleges that several named defendants verbally threatened him, refused access to his medical and legal materials, confiscated medical devices, filed false disciplinary reports, and retaliated against him for filing grievances or complaints. Plaintiff contends the "staff culture" at FJC targets disabled inmates like Plaintiff "for mistreatment and abuse, retaliation, and [assaultive] behavior with impunity." He asserts he "is consistently jabbed at pulled and [prodded] like an [experimental] animal by deputies Lopez, Sanchez and Clifton and others," and that "[t]hey are assaultive constitutional violators and bullies with badges who do as they want with impunity." Plaintiff also alleges his living conditions have not been "ADA compliant" for more than a year.

Plaintiff contends deputies Blackmon and Campos came to his cell on October 31, 2024, "with the specific intent to sexually assault" him. After advising Plaintiff he was being "placed on disciplinary punishment for a rule violation" occurring the year prior, Campos searched Plaintiff's person. Campos then pushed his hand into Plaintiff's incontinence diaper, "forcefully [penetrating Plaintiff's] anus with this finger" and "cutting" Plaintiff with his fingernails. Blackmon did nothing to stop the assault, and when Plaintiff fell to the ground after protesting Campos's action, both "ran off laughing." Plaintiff further contends FJC medical staff refused to provide him medical care and laughed at him on November 23, 2024, after he told them he was actively bleeding from the rectum and asked for an examination. Plaintiff claims he is imminent danger of

serious physical injury because "his rectum will not stop bleeding, medical staff only took his vital signs, they "want to wait on [Plaintiff's] condition to ripen into colon cancer," and the sheriff turns "a blind eye" to Plaintiff's complaints.

*Analysis*

The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Here, Plaintiff's allegations do not meet the imminent danger exception.

Plaintiff recounts a number of verbal threats of physical harm. For example, he contends that on June 23, 2023, Deputy Sanchez threatened to "put [his] other eye out" and that on August 7, 2023, after witnessing Lopez beating another inmate, Lopez told Plaintiff, "We'll do you next." However, vague "verbal threats of physical harm to [] health and safety" are insufficient "to demonstrate imminent danger of serious physical injury." *Cruz v. Pfeiffer*, No. 1:20-CV-01522-AWI-SAB (PC), 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021); *Ray v. Sullivan*, No. 1:20-cv01699-NONE-HBK, 2021 WL 2229328, at *4 (E.D. Cal. June 2, 2021) (same); *see also Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding that a plaintiff's allegations of continuous threats to his life, amongst others, to be "unsupported, vague, self-serving, conclusory speculation" insufficient to satisfy the imminent danger exception); *Cruz v. Calderon*, No. 22-CV-05556-HSG, 2022 WL 18399570, at *3 (N.D. Cal. Dec. 16, 2022) (verbal threats unaccompanied by further action fail to satisfy § 1915(g)'s imminent danger exception); *Chambers v. Ebbert*, No. 3:18-cv-1009, 2019 WL 4235360, at *2 (M.D. Penn. Sept. 5, 2019) (plaintiff's allegations involving "a few vague threats of a sexual nature, that he had been subject to false reports, which he claims affected his good time credit, and that he had been denied contact with his family" do not establish impending danger and are insufficient to meet the imminent danger standard). Nor do such threats occurring more than a year prior to the filing of Plaintiff's complaint amount to an imminent danger. *Lewis*, 279 F.3d at 531.

Next, Plaintiff recounts retaliatory behavior by FJC staff. He contends Lopez confiscated his medically prescribed boots for three days in August 2023 after Plaintiff kept "rocking the boat" by complaining. He also contends that in November 2023, FJC staff filed false disciplinary

4

charges against Plaintiff for possessing "pruno" in retaliation for his filing grievances and notifying the sheriff. Vague and conclusory assertions of retaliatory behavior also fail to meet the imminent danger of serious physical injury exception. *Adams v. Dahl*, No. 1:20-CV-00852-CDB PC, 2022 WL 16708264, at *3 (E.D. Cal. Nov. 4, 2022) (finding claims that guards retaliated against prisoner "by stalking, harassing, and threatening," and by "creat[ing] a dangerous environment by calling [him] a 'snitch' and a 'piece of shit,'" insufficient to show "impending harm"); *AlkebuLan v. Hazelwood*, No. 21-CV-06063-JST, 2022 WL 19317, at *4 (N.D. Cal. Jan. 3, 2022) (finding allegations that prison officials "threatened [plaintiff's] life for appealing ... disciplinary violations" insufficient to show imminent danger of serious physical injury at the time of filing); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury"). Also, the alleged retaliatory actions largely appear to have occurred months prior to the filing of Plaintiff's complaint and are insufficient to show impending harm. *Lewis*, 279 F.3d at 531.

Next, Plaintiff's allegations regarding non-compliant ADA housing or living conditions fail to demonstrate any "imminent danger of serious physical injury" as those conditions have existed for "more than a year" before he filed his complaint. *Lewis*, 279 F.3d at 531.

Plaintiff's claims that FJC staff engaged in a practice or conspiracy to deprive inmates like himself of constitutional protections amounting to imminent danger also fail. *See*, *e.g., Jones v. Pollard*, No. 3:20-cv-00805-GPC-AGS, 2020 WL 7260667, at *2 (S.D. Cal. Dec. 10, 2020) (plaintiff's "generalized claims of being 'harassed' and 'detested by many officials (upper)' because he has filed many 'legal complaints against CDC[R]' in the past ... are also insufficient to plausibly show the 'imminent danger of serious physical injury' required"); *Patrick v. Altshuler*, No. 2:17-CV-1046 AC P, 2017 WL 4539273, at *5 (E.D. Cal. Oct. 11, 2017) (finding prisoner's claims of "[f]ear with trust issues" and "painful" "[a]buse[s] of power" were insufficient to demonstrate he was "under imminent danger of serious physical injury" under § 1915(g)); *Manago v. Beard*, No. 1:16-cv-00293-LJO-SAB (PC), 2016 WL 4191893, at *2 (E.D. Cal. Aug.

8, 2016) ("Plaintiff's vague and conclusory allegations relating to an 'ongoing criminal conspiracy' among prison staff fails to present imminent danger exception to section 1915(g)").

Finally, Plaintiff infers he is in imminent danger of serious physical injury due to Campos's sexual assault on October 31, 2024, and contends medical staff are waiting to see if his "condition [ripens] into colon cancer." Plaintiff does not allege he *faces* any imminent danger from Campos. In fact, he refers to Campos's *past* assault as presenting an imminent danger: "due to the sexual assault upon him by [Corporal] Campos during a body search." As such, Plaintiff fails to allege a "real and proximate" threat by Campos. *Lewis*, 279 F.3d at 531; *Miller v. McDaniel*, No. 6:21cv006, 2021 WL 388458, at *2 (E.D. Tex. Jan. 7, 2021) ("While [Miller] states that he is in imminent danger as a result of a previous alleged sexual assault, such claim concerns past harm. In other words, Miller's conclusory claim of imminent danger stems from past acts and his fear of future harm"); *Husband v. Aleman-Acevedo*, No. 3:16-cv-498, 2016 WL 7217216, at *2 (M.D. Penn. Dec. 12, 2016) ("Husband's claim of imminent danger fails. The alleged physical and sexual assaults occurred in the months and years prior to the filing of the complaint").

Nor is the Court persuaded by Plaintiff's contention that he was "actively bleeding from his rectum" on November 23, 2024, and that the attending doctor and nurse denied his request for an examination because they "want to wait on his condition to ripen to colon cancer." First, this is pure speculation. *See Cruz,* 2021 WL 289408, at *2; *Thompson v. Borges*, No. 17-00561 LEK-KJM, 2018 WL 10139956, at *1 (D. Haw. Jan. 17, 2018) (plaintiff's allegations regarding rash that "could have become [gangrene] which could lead possibly to amputation or surgery" did not plausibly demonstrate imminent danger of serious physical injury); *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical"); *Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *6 (E.D. Cal. Sept. 9, 2015) (allegations that are "[o]verly speculative and fanciful ... do not plausibly show imminent danger"); *see also Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("district courts may deny a prisoner leave to proceed pursuant to §

6

1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)"). Plaintiff's disagreement with the treatment he was offered on November 23, 2024, is insufficient to meet the imminent danger exception. *See Balzarini v. Lewis*, No. 1:13-cv-00820-LJO-BAM (PC), 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding that the plaintiff's disagreement with prison medical personnel about the course or adequacy of any treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, No. 12-cv-05563-CW(PR), 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations showing that the plaintiff was receiving medical treatment for his chronic pain, but that he disagreed with the type of medication the medical staff was prescribing for him was insufficient to show an imminent danger of serious physical injury); *Stephens v. Castro*, No. 1:04-cv-06717-AWI-SMS (P), 2006 WL 1530265, *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under Section 1915(g)).

In sum, Plaintiff fails to present a genuine emergency, and a threat that is real and proximate. *Lewis*, 279 F.3d at 531. Therefore, Plaintiff should be precluded from proceeding *in forma pauperis* in this action. *Andrews*, 493 F.3d at 1052-53.

## V.     ORDER AND RECOMMENDATION

Based on the foregoing, the Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action.

The Court **RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 3) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and
2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

IT IS SO ORDERED.

Dated:     **January 3, 2025**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

7