UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> FRESNO COUNTY JAIL, et al., <br><br> Defendants. | Case No.: 1:24-cv-01569 JLT SKO <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF <br><br> (Doc. 15) |

Curtis Lee Henderson, Sr. seeks to hold the defendants liable for civil rights violations while housed at the Fresno County Jail. (*See generally* Doc. 1.) Plaintiff filed a motion for a preliminary injunction concurrent with his complaint, as well as an additional motion a month later after the Sacramento Division transferred the matter to this Court. (Docs. 2, 11.) The magistrate judge found Plaintiff fails to satisfy the factors identified by the Supreme Court in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). (Doc. 15 at 6-7.) The magistrate judge also observed that the Court does not yet have personal jurisdiction over the defendants and may not grant the relief requested. (*Id.* at 5-6.) Therefore, the magistrate judge recommended the Court deny the motions for injunctive relief. (*Id.* at 7.)

Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 16.) Plaintiff questions whether the Court can make a finding to the *Winter* factors when his complaint has not yet been screened. (*Id.* at 1-2.) He also notes that his complaint has been pending "more

1    than 120 days." (*Id.* at 2.)  Plaintiff maintains that he demonstrates probable success on the

2    merits and that because he suffered injury to his rectum, he showed an "irreparable" harm, such

3    that injunctive relief is appropriate. (*Id.*)

4    Significantly, though the Court has not issued a screening order on this action, it was not

5    precluded from reviewing the allegations of the complaint related to the pending motion.  Indeed,

6    courts are regularly required to review pleadings for purposes of evaluating a motion for

7    injunctive relief without a full screening under 28 U.S.C. § 1915A or review of the sufficiency of

8    pleadings pursuant to the Federal Rules of Civil Procedure.  Thus, Plaintiff's objection that the

9    Court could not evaluate his motion without screening is unavailing.

10    As the magistrate judge explained, the Supreme Court determined that "[a] plaintiff

11    seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he

12    is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the

13    equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural*

14    *Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008) (citations omitted).

15    Importantly, as the magistrate judge determined, the Court lacks personal jurisdiction over

16    the defendants—including the Fresno County Jail— at this time. Plaintiff does not dispute this

17    finding.  Moreover, the Court does not find that Plaintiff demonstrates a likelihood of success on

18    the merits, or that his past physical injury shows he is likely to suffer irreparable harm, such as

19    that the requested relief is appropriate. *See Conn. v. Mass.,* 282 U.S. 660, 674 (1931) (past injury

20    does not support a request for preliminary injunction); *see also Rigsby v. State,* 2013 WL

21    1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's request for injunctive relief based on

22    fear of potential future injury based on past assaults); *Perez v. Diaz,* 2019 WL 3229622, at *3

23    (E.D. Cal. July 18, 2019), *recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22,

24    2019) ("allegations of past incidents of violence fail to show that plaintiff ... faces imminent

25    harm").

26    According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

27    Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes

28    the Findings and Recommendations are supported by the record and proper analysis. Thus, the

Court **ORDERS**:

1. The Findings and Recommendations issued July 10, 2025 (Doc. 15) are **ADOPTED** in full.
2. Plaintiff's motions for injunctive relief (Docs. 2 and 11) are **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **August 1, 2025**

UNITED STATES DISTRICT JUDGE