UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR.,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>Defendants. | Case No.: 1:24-cv-001569-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS FOLLOWING SCREENING**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Curtis Lee Henderson, Sr., is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.   INTRODUCTION**

On October 6, 2025, this Court issued its First Screening Order. (Doc. 19.) It found Plaintiff plausibly alleged the following claims: a First Amendment retaliation claim against Defendant Lopez, in his individual capacity only; Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Arce, Bergovskaya, Gill, and Lopez, in their individual capacities only; an Eighth Amendment excessive force claim against Defendant Sanchez, in his individual capacity only; an Eighth Amendment sexual assault claim against Defendant Campos, in his individual capacity only; and an Eighth Amendment failure to protect claim against Defendant Blackmon, in his or her individual capacity only; however, it also found Plaintiff failed to allege any other cognizable claim against any other named Defendant. (*Id*. at 5-

27.) The Court also addressed related issues concerning individual and official capacities, and Rules 18 and 20 of the Federal Rules of Civil Procedure, as applied to Plaintiff's complaint. (*Id*. at 27-28.)  Plaintiff was ordered to do one of the following within 30 days: (1) notify the Court in writing that he did not wish to file a first amended complaint and was willing to proceed only on the cognizable claims identified by the Court in the First Screening Order; or (2) file a first amended complaint curing the deficiencies identified in the screening order; or (3) file a notice of voluntary dismissal. (*Id*. at 28-29.)

On October 24, 2025, the United States Postal Service (USPS) returned the screening order marked "Undeliverable," "Return to Sender," "Unable to Forward," and "RJ Donovan, 480 Alta Road, San Diego, CA 92179." That same date, the Clerk of the Court re-served the screening order to Plaintiff's new address and updated his address of record.

On December 2, 2025,[1] Plaintiff filed his notice to proceed on cognizable claims.[2] (Doc. 21.)

## II.     CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court the Court **RECOMMENDS** that:

1. This action **PROCEED *only*** on Plaintiff's First Amendment retaliation claim against Defendant Lopez, Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Arce, Bergovskaya, Gill, and Lopez, Eighth Amendment excessive force claim against Defendant Sanchez, Eighth Amendment sexual assault claim against Defendant Campos, and Eighth Amendment failure to protect claim against Defendant Blackmon, in their individual capacities only;

2. Defendants Fresno County Jail, John Zanoni, Moorer, D. Cliffton, Styles, Mora, P. Garcia, and B. Navarro be **DISMISSED** from this action; and

---

[1] Plaintiff's notice was signed, dated and served November 20, 2025.

[2] Plaintiff's notice also states: "Henderson would like to preserve his objection to only be allowed to proceed in their individual capacities only. These Defendants were at all times in uniform of the Fresno County Sheriff and claim to be acting on behalf of the County in their official and individual capacities." (*See* Doc. 21 at 2.) The undersigned does not construe this statement to negatively affect Plaintiff's willingness to proceed on the claims found cognizable by the Court.

3. Any remaining claims in Plaintiff's complaint be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 4, 2025**                     /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE