UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON, SR.,

Plaintiff,

v.

FRESNO COUNTY JAIL, et al.,

Defendants.

Case No.: 1:24-cv-001569-JLT-EGC (PC)

**ORDER GRANTING EXTENSION OF TIME WITHIN WHICH DEFENDANTS ARCE AND BERESOUSKAYA MAY RESPOND TO ORDER TO SHOW CAUSE AND TO FILE A RESPONSIVE PLEADING**

(Doc. 44)

Plaintiff Curtis Lee Henderson, Sr., is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

After finding service of Plaintiff's complaint appropriate, on April 29, 2026, USM-285 forms were filed with the Court indicating that Defendants R. Arce, Doctor Beresouskaya, and Kanwar Gill were personally served at the Fresno County Jail, 1225 M Street, in Fresno, California, on April 28, 2026. (Doc. 32 at 1, 2, 5.) The deadline for the filing of Defendants Arce, Beresouskaya, and Gill's answer to the complaint was therefore May 19, 2026. Fed. R. Civ. P. 12(a)(1)(A)(i).

Ultimately, on July 24, 2026, when Arce, Beresouskaya, and Gill did not file an answer or other responsive pleading, the Court issued an Amended Order to Show Cause (OSC) why default

should not be entered; a response was due within 30 days. (Doc. 37.)

On August 10, 2026, Plaintiff filed a request seeking entry of default against Arce, Beresouskaya, Gill, and Lopez.[1] (Doc. 38.)[2]

Relevant here,[3] on August 26, 2026, Defendants Arce and Beresouskaya filed a request for a 14-day extension of time. (Doc. 44.)

## II. DISCUSSION

Defendants Arce and Beresouskaya seek a 14-day extension of time, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, to serve and file a response to the OSC and complaint. (Doc. 44.) Defendants contend good cause exists for the requested extension because the service purportedly effected on April 28, 2026, is at issue and defense counsel has been unable to verify whether Arce or Beresouskaya were present or employed at the Fresno County Jail on that date, whether they received or were informed of the documents served, had authorized anyone to accept service of their behalf, or otherwise obtained actual notice. (*Id* at 2.) Defense counsel has recently obtained current contact information and requires additional time to interview Arce and Beresouskaya, review the relevant service documents, determine the appropriate responsive pleading, and to prepare declarations. (*Id*.) The request is made in good faith and not for the purpose of delay and Plaintiff will not be prejudiced by a short delay. (*Id*.) Finally, Arce and Beresouskaya "expressly preserve all defenses that may be available" under Rule 12 of the Federal Rules of Civil Procedure. (*Id*.)

Rule 6(b) of the Federal Rules of Civil Procedure provides:

> (b) **Extending Time**.
>
> (1) *In General*. When an act may or must be done within a specific time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

---

[1] Defendant Lopez filed an answer to the complaint on May 19, 2026. (*See* Doc. 34.)

[2] Plaintiff's motion will be addressed separately and in due course.

[3] On the same date, Defendant Gill filed a motion to quash service. (Doc. 42.) The motion will be addressed separately and in due course.

> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> (2) *Exceptions*. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b).

Courts analyze the following equitable factors in determining whether a missed deadline was a result of excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court has noted that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (internal citations omitted). The Ninth Circuit has left "the weighing of *Pioneer*'s equitable factors to the discretion of the district court." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

First, the Court finds little danger of prejudice to Plaintiff as service of process was only recently ordered and this action is in its early stages. Second, a 14-day delay has minimal impact on these proceedings. Third, the reason for the delay is adequately explained in defense counsel's declaration and it appears counsel moved expeditiously. Fourth, the Court does not perceive the presence of tactical or strategic motives behind the brief delay.

In sum, this Court finds the *Pioneer* factors weigh in favor of granting Defendant's motion. *Pincay*, 389 F.3d at 860.

To the extent Defendants seek confirmation that their "request and counsel's appearance do not waive any timely asserted objection concerning process, service of process, or personal jurisdiction," the Court notes that by granting the instant request, it is extending the deadline applicable to a responsive pleading – either in form of an answer or a motion to dismiss. To the extent Defendants may move for dismissal pursuant to Rule 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure, no waiver of defenses has occurred. Fed. R. Civ. P. 12(h)(1).

## III. CONCLUSION AND ORDER

Accordingly, the Court HEREBY ORDERS that Defendants Arce and Beresouskaya's request for a 14-day extension of time within which to respond to the OSC and complaint (Doc. 44) is **GRANTED**.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE