UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., Plaintiff, v. FRESNO COUNTY JAIL, et al., Defendants. | Case No.: 1:24-cv-001569-JLT-EGC (PC)<br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**<br>(Doc. 38)<br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT GILL AND DEFENDANT ARCE'S MOTIONS TO DISMISS AND TO GRANT THEIR ALTERNATIVE MOTIONS TO QUASH SERVICE**<br>(Docs. 42 & 50)<br>14-Day Objection Period |

Plaintiff Curtis Lee Henderson, Sr., is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

On July 24, 2026, the Court issued its Amended Order Requiring Defendants Arce, Beresouskaya, and Gill to Show Cause (OSC) Within 30 Days Why Default Should Not Be Entered. (Doc. 37.)

On August 10, 2026, Plaintiff filed a document titled "Plaintiffs Request to Enter Default on the Defendants, Arce, Beresouskaya, Gill and Lopez, Under Fed. R. Civ. P. 55(b)(2)." (Doc.

38.) Defendant Lopez filed an opposition on August 18, 2026. (Doc. 39.)

On August 26, 2026, Defendants Arce, Beresouskaya, and Gill filed a response to the OSC (Doc. 41), Defendant Gill filed a motion to quash service (Doc. 42), and Defendants Arce and Beresouskaya sought an extension of time (Doc. 44).

On August 27, 2026, the Court issued its Order Granting Extension of Time Within Which Defendants Arce and Beresouskaya May Respond to Order to Show Cause and to File a Responsive Pleading. (Doc. 45.) Those Defendants were to respond within 14 days. (*Id*. at 4.)

On September 3, 2026, Plaintiff filed a document titled "Plaintiffs Objection to Defendants Opposition to Plaintiffs Motion for Default Judgment and Motion to Strike Lopez Answer as Untimely." (Doc. 46.)

On September 11, 2026, the undersigned issued a minute order noting Defendants Arce and Beresouskaya had failed to respond to the OSC following an extension of time and directed counsel for those individuals to file a status report within 5 days. (Doc. 48.)

On September 14, 2026, Defendants filed a status report (Doc. 49) and a motion to quash service (Doc. 50). Plaintiff filed an opposition thereto. (Doc. 51.)

## II. DISCUSSION

### ***Plaintiff's Motion Filed August 10, 2026 (Doc. 38)***

#### Summary of Briefing

Briefly stated, Plaintiff asks the Court to enter "default judgment" as to Defendants Arce, Beresouskaya, Gill, and Lopez for their failure to file an answer to the summons and complaint. Plaintiff asserts these individuals were personally served on April 28, 2026, that "the deadline for filing [w]as May 19, 2026" and that neither an answer nor responsive pleading had been filed. He contends "[d]efault judgment should now be entered against them" and that "he is entitled to a default judgment as a matter of law."

Defendant Lopez opposed. Briefly stated, Lopez states an answer was timely filed on May 19, 2026 and therefore default "is legally baseless in the face of Lopez' timely filing of a responsive pleading." (Doc. 39.)

Plaintiff objected to Lopez's opposition. Plaintiff points to Defendants Blackmon,

Campos, and Sanchez's answer filed April 21, 2026, and asserts that Lopez "has not complied with the order of the court" and that "no waiver of service [is] on file"[1] for Lopez. (Doc. 46.)

<u>Analysis</u>

Plaintiff's motion as it pertains to Defendant Lopez will be denied. As Lopez correctly contends, an answer was filed on May 19, 2026. (*See* Doc. 34.) Notably however, as the Court reviewed the filing for purposes of this motion, it notes the answer does *not* include a proof of service indicating Plaintiff was served with Lopez's answer. (*Id.*) This Court's Local Rules require Defendant to serve Plaintiff, a pro se prisoner, via United States Mail:

> If persons are not registered for the CM/ECF system, e.g., prisoners or pro se parties, the Notice will identify the persons who were not electronically served. Persons who were not electronically served must be conventionally served. Counsel shall serve these persons in accordance with the appropriate Federal Rules of Procedure.

Local Rule 135(b); *see also* Fed. R. Civ. P. 5(b)(2)(C). And

> When service of any pleading, notice, motion, or other document is required under Rule 135(b), proof of such service shall be endorsed upon or affixed to the original of the document when it is lodged or filed. Except for ex parte matters, a paper document shall not be submitted for filing unless it is accompanied by a proof of service. Proof of service shall be under penalty of perjury and shall include the date, manner and place of service.

Local Rule 135(c).

Because it appears Plaintiff was not properly served with Defendant Lopez's answer, the Clerk of the Court will be directed to provide Plaintiff with a copy of Lopez's answer simultaneously with the Clerk's service of this order. Lopez shall ensure any future filings include proper service to Plaintiff.

*Defendant Beresouskaya*

As concerns Defendant Beresouskaya, Plaintiff's motion will be granted in part. To the extent Plaintiff argues he is entitled to "default judgment," he is mistaken.

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

---

[1] A Waiver of the Service of Summons form pertaining to Lopez was filed on September 6, 2026. (*See* Doc. 47.)

shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the plaintiff may apply to the Court for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Obtaining a default judgment is a "two-step process," consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); accord *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). *See also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (holding that default cannot be entered if the defendant has filed a response indicating its intent to defend the action).

Here, Defendant Beresouskaya "has failed to plead or otherwise defend" against Plaintiff's operative complaint. (*See* Docket, generally.) The record indicates Beresouskaya was personally served through "Matt Nunley Sergeant" at the Fresno County Jail on April 28, 2026, at 11:45 a.m. by a deputy United States Marshal. (*See* Doc. 32 at 2.) Accordingly, an answer or responsive pleading was due on or before May 19, 2026. Further, when the Court issued its OSC and Amended OSCs in July 2026, Beresouskaya did not adequately respond. More particularly, on August 27, 2026, Beresouskaya was granted 14 days "within which to respond to the OSC and complaint." (Doc. 45 at 4.) She has failed to do so. The undersigned construes Plaintiff's motion to seek entry of default against Beresouskaya. So construed, the Court will direct the Clerk of the Court to enter default, not default judgment, against Beresouskaya. *See* Fed. R. Civ. P. 55(a).

Next, because Defendants Arce and Gill have filed motions to dismiss, or alternatively to quash service, the Court considers those motions below.

***Defendant Gill's Motion to Quash Service (Doc. 42)***

Defendant Gill moves to quash the purported service of April 28, 2026. Gill further moves to dismiss "the claim against him without prejudice under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5)." Alternatively, Gill requests "the Court quash service, permit valid future service, discharge the Amended Order to Show Cause as to him, decline to enter default, and confirm that his time to answer will be governed by Rule 12(a)(4) or a new deadline following valid service." Gill contends he was not personally served and that on April 28, 2026,

when the summons and complaint were purportedly handed to Sergeant Nunley, Gill had “already separated from the assignment associated with the jail” and did not maintain any form of presence at the mail, and “had never authorized Nunley to accept service” on his behalf. Further, Gill asserts “[n]o one forwarded the papers or informed him of their delivery” and that he first learned of the action on July 19, 2026, “through an unrelated online monitoring alert.” The alert prompted action in the form of investigation, review of the docket, representation by counsel, and the response. Gill denies evading service or “intentionally ignoring the action.”

Gill argues delivery to Nunley, “an unauthorized third person at a former institutional workplace” is not personal service within the meaning of Rule 4(e)(2) and that the “record also does not establish substituted service under California law,” citing California Code of Civil Procedure section 415.20. Because service was ineffective, Gill argues the Court lacks personal jurisdiction over him.

***Defendant Arce’s Motion to Quash Service (Doc. 50)***

<u>Summary of Briefing</u>

Defendant Arce’s motion largely mirrors Defendant Gill’s and thus a separate summary is not recounted here.

***Plaintiff’s Combined Opposition (Doc. 51)***

Plaintiff filed an opposition on September 24, 2026, that the Court construes to be a combined opposition to the separately filed motions. Briefly stated, Plaintiff asserts Arce and Gill were “properly served and default must be entered.” Citing to Ninth Circuit case law and asking the Court to take judicial notice that Arce and Gill “[tactically evaded] service of the [summons] and complaint” in another prisoner civil rights action filed in this Court, Plaintiff contends Arce’s “argument he needs [t]o be personally served is without merit,” that due process “requires only ‘notice’ [r]easonably calculated,” that Sergeant Nunley had the authority “to receive any and all documents coming [i]nto” the Fresno County Jail, and that Arce and Gill’s personnel files reflect that anything coming into or delivered there “would first be given [t]o jail staff for inspection.” Thus, Plaintiff argues the Court “must reject” the motions to quash.

***The Applicable Legal Standards***

Rules 12(b)(2) and (b)(4) of the Federal Rules of Procedure allow a defendant to move to dismiss an action based on a lack of personal jurisdiction and insufficient process, respectively. Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons. *Wasson v. Riverside County,* 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citations omitted).

Rule 12(b)(5) allows a defendant to move to dismiss an action based on insufficient service of process. If service is insufficient, as defined by Rule 4, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984), there must still be "substantial compliance" with Rule 4; otherwise, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986). If the plaintiff is unable to satisfy his burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process. *Stevens v. Security Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion").

Service of an individual within a judicial district of the United States may be effected by "delivering a copy of [the summons and complaint] to an agent authorized by appointment of law

to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). The "agent" referred to in this rule is not just an employee or business agent of some kind, but instead must be an agent specifically designated to receive service of process. *See Gerritsen v. Escobar Y Cordova*, 721 F. Supp. 253, 256 (C.D. Cal. 1988); *Electro Scan, Inc. v. Henrich*, No. 2:18-cv-02689-JAM EFB, 2019 WL 1299010, at *3 (E.D. Cal. Mar. 20, 2019) ("[T]here must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2)(C)").[2]

"Although a defendant's appearance to attack sufficiency of service is an admission that defendant has actual knowledge of the lawsuit, actual knowledge does not substitute for proper service of process." *Crayton v. Rochester Medical Corp*., No. 1:07-CV-01318-OWW-GSA, 2008 WL 3367604, at *3 (E.D. Cal. Aug. 8, 2008).

***Analysis***

Here, Defendant Gill has established insufficient service of process. (*See* Doc. 42-1, ¶¶ 2-12.) So too has Defendant Arce. (*See* Doc. 50-1, ¶¶ 2-7.) And Plaintiff has not proffered any evidence that Defendants Gill and Arce authorized Sergeant Nunley to accept service on their behalf; his conclusory assertions concerning Nunley's authority and personnel file content do not suffice to overcome Gill and Arce's declarations to the contrary. *Gerritsen*, 721 F. Supp. at 253; *Electro Scan, Inc.*, 2019 WL 1299010, at *3; *see also, e.g.*, *Ramirez v. Kitt*, No. 1:17-cv-00947-BAM (PC), 2020 WL 133923, at *3 (E.D. Cal. Jan. 13, 2020) ("it is Plaintiff's burden to establish the validity of service, and Plaintiff has not provided any evidence demonstrating that Defendant Kitt specifically designated Darryl Coleman to accept service of process on his behalf"). Nevertheless, the undersigned, employing her discretion pursuant to *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d at 1293, will recommend the pending motions to dismiss be denied but that the motions be granted on the alternative ground to quash service.

---

[2] In California, a summons "may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address... in the presence of a... person apparently in charge of his or her office, place of business, or usual mailing address ..., and by thereafter mailing a copy of the summons and ... complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(b).

As concerns Plaintiff's request this Court take judicial notice of another action filed in this district wherein service of process was at issue, Plaintiff is advised that a court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. However, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Although a court may "take judicial notice of undisputed matters of public record," it may not take judicial notice of reasonably disputed facts simply because they are "stated in [a] public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). Because Plaintiff asks the Court to take judicial notice of facts that are reasonably disputed — that Arce and Gill "[tactically evaded] service of the [summons] and complaint" — the Court declines to do so. *Khoja*, 899 F.3d at 999; *Lee*, 250 F.3d at 689-90.

To the extent Plaintiff argues due process "requires only 'notice' [r]easonably calculated" to provide notice regarding service of process, his assertion is unpersuasive. *See Brockmeyer*, 383 F.3d at 801; *Direct Mail Specialists, Inc.,* 840 F.2d at 688; *Jackson*, 682 F.2d at 1347;

It is Plaintiff's burden to obtain sufficient information regarding Defendants' identities and current addresses to effect service of process. *Puett v. Blandford*, 92 F.2d 270, 275 (9th Cir. 1990) (*in forma pauperis* litigant is entitled to have process served by U.S. Marshal if litigant provides necessary information to help effectuate service). The Court notes that Defendant Gill no longer works at the Fresno County Jail. Gill is a physician and executed his August 26, 2026, declaration in Fresno, California. Plaintiff may wish to consult the Medical Board of California's website to locate a current address for Gill. Further, Defendant Arce has declared he is "employed by Wellpath" and remains so employed. Therefore, Plaintiff may wish to perform a search concerning a proper address for serving a Wellpath employee. The undersigned will recommend that Plaintiff be provided with the relevant service documents and an additional 30 days within which to submit the corrected service documents to the Court.

## III. ORDERS AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion to enter default (Doc. 38) is **DENIED IN PART** and **GRANTED IN PART** as follows:
    a. The motion is **DENIED** as to Defendants Lopez, Gill, and Arce; and
    b. The motion is **GRANTED** as to Defendant Beresouskaya.
2. The Clerk of the Court is **DIRECTED** to:
    a. Serve Plaintiff with a copy of Defendant Lopez's answer to the complaint (Doc. 34) filed May 19, 2026; and
    b. Enter default against Defendant Beresouskaya pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Further, the Court **HEREBY RECOMMENDS** that:

1. Defendant Gill's motion to dismiss (Doc. 42) and Defendant Arce's motion to dismiss (Doc. 50) be **DENIED**;
2. Defendants Gill and Arce's alternative motions to quash service (Docs. 42 & 50) be **GRANTED**;
3. Plaintiff's service of process on Defendants Gill and Arce be **QUASHED**;
4. The Clerk of the Court be ordered to send Plaintiff two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the endorsed complaint filed December 18, 2025 (Doc. 1);
5. Plaintiff be directed to complete the Notice of Submission of Documents form and to submit the completed notice to the Court, within 30 days after the service date of the District Judge's order adopting these recommendations, along with the following documents: newly-completed USM-285 forms for Defendants Gill and Arce, newly-completed summonses for Defendants Gill and Arce, and three copies of the endorsed complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 3, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE